UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-0772 WHA |
| Plaintiff, | ) ) ) | **ORDER DETAINING DEFENDANT PENDING TRIAL** |
| v. | ) ) | |
| GREGORY WALKER, a/k/a "Fella," | ) ) ) | |
| Defendant. | ) ) | |

The defendant, Gregory Walker, is charged with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He made his initial appearance on November 22, 2010 and was arraigned on November 23, 2010. On November 29, 2010, the Court heard the Government's motion to detain the defendant without bail pending trial. The hearing was continued to December 1, 2010. During the hearing, the Government proffered that the defendant was a danger to the community and posed a risk of non-appearance. The government showed to the Court a video of the defendant firing a gun at other people across a crowded street in San Francisco's Western Addition neighborhood during rush hour. The government also proffered evidence that the defendant was a member of a criminal street gang called the "Central Divis Playaz," also known as "CDP." Specifically, the government proffered that law enforcement agents recognized the defendant in the video and know that he is a member of CDP.

ORDER RE: DETENTION
CASE NO. CR 10-0772 WHA                1

The government also proffered that the defendant has tattoos reading "Fella Banga" on his forearms, which show his membership in CDP.  Additionally, on February 19, 2010, the defendant was convicted in San Francisco County Superior Court of possessing a concealed firearm and sentenced to three years' probation, meaning that he was on probation for a firearms conviction when the Government alleges that he committed the offense charged in this case.  There was also a proffer that defendant was involved in an incident in Oakland in September, 2010 wherein he and his girlfriend were shot.  Although defendant vigorously denies his membership in the CDP and involvement in the shooting on the video, the Court finds the government's proffer credible.

After considering the evidence and the parties' arguments, the Court orders that the defendant be detained pending trial.  Although defendant proffered as sureties responsible family members, and is willing to submit to electronic monitoring at his father's house in Tracy, defendant's criminal record, his apparent involvement in the dangerous shooting in a crowded street during rush hour while he was on probation, demonstrates in his inability to comply with a court order and the law and a reckless disregard for the safety of others, such that even with the proposed conditions of release, the safety of the community cannot reasonably be assured.  The Court thus finds that the defendant poses a danger to the community, and that under 18 U.S.C., section 3142(e), no condition or combination of conditions will reasonably assure the safety of the community if he is released pending trial.

Based on the foregoing, the government's motion for detention is GRANTED.  IT IS HEREBY ORDERED that:

    1.    The defendant be detained pending trial under 18 U.S.C. section 3142;

    2.    The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeals;

    3.    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    4.    On order of a court of the United States or on request of an attorney for

the government, the person in charge of the corrections facility where the defendant is confined shall deliver the defendant to an authorized Deputy U.S. Marshal for the purpose of any appearance in connection with a court proceeding.

    IT IS SO ORDERED

DATED: December 3, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

ORDER RE: DETENTION
CASE NO. CR 10-0772 WHA    3