IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR-10-772 SC |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| GREGORY WALKER, | ) ) | |
| Defendant. | ) ) | |

On June 21, 2011, the Court ordered briefing from the parties on the standard the Court should use to determine whether any of the confidential personnel records submitted to the Court by the San Francisco Police Commission's Office of Citizen Complaints ("OCC") should be disclosed to Defendant Gregory Walker ("Defendant"). ECF No. 41.

Both parties have complied with the Court's Order. Defendant argues that files relating "directly to the credibility of the law enforcement officers and to their ability to make accurate identifications of people" should be disclosed. ECF No. 44 ("Def.'s Br.") at 2. Defendant lists as examples "[i]nstances where officers are alleged to have misidentified persons, or instances which reflect on false or misleading testimony, falsifying of reports, or dishonesty." Id.

The government states that because it only intends to call two

of the six officers for whom the OCC has provided personnel records -- Sean Griffin ("Griffin") and Greg Mar ("Mar") -- only Griffin's and Mar's records need be reviewed. ECF No. 43 ("Gov.'s Br.") at 2. However, the government also lists Sergeant David Do ("Do") as on its witness list. ECF No. 45. The government argues that "the only documents requiring production to the defendant are those that both (1) involved sustained complaints, and (2) relate to the individual's credibility." Gov's Br. at 2. The government also states that it was not provided with the OCC records, but that it did receive certain documents from the San Francisco Police Department's Legal Department, which it reviewed and determined were not required to be disclosed to Defendant. Id.

Having reviewed the records of Griffin, Mar, and Do, the Court finds no material that relates either to the officers' credibility or their ability to accurately identify people. None of the files indicate anything relevant to this case. Accordingly, none of the OCC records will be disclosed to Defendant.

IT IS SO ORDERED.

Dated: June 23, 2011

UNITED STATES DISTRICT JUDGE