UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY WALKER,<br><br>Defendant. | Case No. 10-cr-00772-SC-1 (EMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO "CORRECT JUDGMENT"**<br><br>Docket No. 104 |

On June 20, 2016, Defendant Gregory Walker filed the instant "Motion to Correct Judgment" pursuant to Federal Rule of Civil Procedure 60. Docket No. 104 (Mot.). Mr. Walker was convicted by a jury of being a felon in possession of ammunition, in violation of 18 U.S.C. § 1922(g)(1). Docket No. 88. On November 14, 2011, Judge Conti sentenced Mr. Walker to an imprisonment of a term of 108 months, having applied a cross-referenced attempted murder guideline and calculated an offense level of 27. *Id.*; *see also* Docket No. 91 (Nov. 14, 2011 Trans.) at 13:16-23, Docket No. 96 (9th Cir. Mem. of Disposition) at 3. Mr. Walker contends that Judge Conti erred in finding the calculating a base offense level of 27 based on attempted murder, and seeks to correct his sentence. Mot. at 4. For the reasons stated below, the Court **DENIES** the motion to correct.

First, Mr. Walker improperly seeks relief under Federal Rule of Civil Procedure 60(a). Mot. at 1. Rule 60(a) concerns *clerical mistakes*, and "[i]n determining whether a mistake may be corrected under Rule 60(a), our circuit focuses on what the court *originally intended to do*." *Tattersalls, Ltd. v. Dehaven*, 745 F.3d 1294, 1297 (9th Cir. 2014). Thus, the distinction between "'clerical mistakes' and mistakes that cannot be correct pursuant to Rule 60(a) is that the formal consists of 'blunders in execution' whereas the latter consist of instances where the court *changes*

*its mind.*" *Id.* Here, Mr. Walker is arguing that Judge Conti erred in applying an adjusted offense level of 27, a substantive error that is distinct from a clerical error where the judgment reflects something different from what Judge Conti had intended. Thus, Rule 60(a) does not apply. *See United States v. Quintero*, No. CR-F-02-5379 OWW, 2010 U.S. Dist. LEXIS 124460, at *2 (E.D. Cal. Nov. 22, 2010) (finding that Rule 60(a) "is a vehicle for correcting clerical mistakes, but it may not be used to correct judicial errors in sentencing")

Second, Mr. Walker's motion is more properly construed as a section 2255 habeas claim. As a general matter, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction"). The Supreme Court has recognized that a Rule 60(b) motion can be used to challenge "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," *e.g.*, fraud on the federal habeas court. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). However, here Mr. Walker's motion is a quintessential habeas claim, in which he directly challenges Judge Conti's sentencing and requests that his sentence be corrected. Mot. at 4. Thus, the Court considers his motion as a section 2255 habeas claim. *Compare with United States v. Gardner*, No. CR-F-01-5404 OWW, 2007 U.S. Dist. LEXIS 85842, at *6-8 (E.D. Cal. Nov. 7, 2007) (finding that the petitioner's Rule 60(b) motion for resentencing was actually a section 2255 motion, as it did not concern a defect in the integrity of the federal habeas proceedings); *Wilson v. Ives*, No. CV 09-5795-ODW (MAN), 2010 U.S. Dist. LEXIS 56236, at *15-16 (C.D. Cal. May 19, 2010) (finding that Rule 60(b) did not apply where the petitioner was challenging and seeking to modify his criminal sentence).

Treating Mr. Walker's motion as a section 2255 habeas claim, the Court must deny the motion as untimely. Section 2255 has a one-year period of limitation, which runs from the latest of: (1) the date on which the judgment of conviction became final, (2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution

or United States law is removed (if the movant was prevented from making a motion by that governmental action), (3) the date on which the right asserted was initially recognized by the Supreme Court, and (4) the date on which the facts supporting the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Here, Mr. Walker's motion was filed in June 2016, whereas the judgment in this case was entered over four years ago in November 2011. Mr. Walker does not claim there was any impediment to making the instant motion, and the Supreme Court case he relies upon, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) is over fifteen years old. Finally, there is no indication that the facts supporting Mr. Walker's claims could not be discovered until this past year; in fact, it appears that Mr. Walker challenged Judge Conti's application of the attempted murder guideline in calculating the Guidelines range in his appellate challenge, which the Ninth Circuit rejected in December 2012. *See* 9th Cir. Mem. of Disposition) at 3. In short, Mr. Walker fails to satisfy the one-year limitation period.

The Court therefore finds that Mr. Walker's motion is untimely and **DENIES** the motion to correct the judgment.

This order disposes of Docket No. 104.

**IT IS SO ORDERED**.

Dated: June 27, 2016

_____
EDWARD M. CHEN
United States District Judge